**ORIGINAL**

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: April 26, 2018

**FILED**
APR 26 2018
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| CHRISTY LYNN DAY, as mother and representative of the Estate of R.E., | * * * | No. 17-702V |
| Petitioner, | * * | Special Master Sanders |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Dismissal; Order to Show Cause; Failure to Prosecute; Insufficient Proof. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Christy Lynn Day, *pro se*, Zachary, LA.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 26, 2016, Christy Lynn Day ("Petitioner") filed a petition for compensation as mother and representative of R.E. in the National Vaccine Injury Compensation Program ["the Program"].[2] Pet. 1, ECF No. 1. Petitioner alleged that the Hepatitis B ("Hep B"), Rotavirus, Diphtheria-Tetanus-acellular-Pertussis ("DTaP"), Pneumococcal, and Polio vaccines R.E. received on May 20, 2015 caused his death. *Id.* at 2-6. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

FedEx 8104 2438 6314

I.      **PROCEDURAL HISTORY**

Petitioner submitted her petition on May 26, 2017 along with R.E.'s birth certificate, vaccination record, and death certificate. Pet'r's Exs. 1-3, ECF Nos. 1-2, 1-3, 1-4. This case was originally assigned to Special Master Brian Corcoran. ECF No. 4. Special Master Corcoran issued an Initial Order on May 31, 2017 directing the parties to submit a joint statement of completion on August 24, 2017. ECF No. 5. On July 19, 2017, the case was transferred to the undersigned. ECF No. 9.

The undersigned held an initial status conference on July 24, 2017. ECF No. 13. During the status conference, the undersigned encouraged Petitioner to obtain counsel. *Id.* Petitioner stated that an attorney was reviewing her case and explained that she filed *pro se* in order to meet the statute of limitations. *Id.* The undersigned ordered Petitioner to submit a Motion to Substitute Counsel or request a status conference by August 23, 2017. *Id.*

Petitioner's deadline passed without any communication from Petitioner. *See* Docket Rep. On August 28, 2017, Chambers emailed Petitioner to determine whether Petitioner was still seeking counsel. *See* Informal Comm., dated Aug. 28, 2017. Petitioner answered that the attorney was still reviewing her case and requested a status conference. *Id.* The undersigned scheduled a status conference for September 11, 2017. ECF No. 14. During the status conference, Petitioner indicated that the attorney reviewing her case was awaiting "one more document" before he or she could determine whether to represent Petitioner. ECF No. 15. Petitioner further stated that this attorney had not given Petitioner a timeline for receiving the document. *Id.* The undersigned granted Petitioner an extension to obtain counsel and ordered her to submit a Motion to Substitute Counsel by October 11, 2017. *Id.*

On October 1, 2017, Petitioner emailed Chambers seeking clarification regarding the previous order. *See* Informal Comm., dated Oct. 5, 2017. Petitioner asked whether the undersigned gave Petitioner more time to obtain an attorney or to gather documentation. *Id.* The undersigned scheduled a status conference for October 19, 2017 to discuss Petitioner's questions. ECF No. 16. On that date, the undersigned asked Petitioner about her attempts to procure counsel. ECF No. 17. Petitioner answered that the attorney was still awaiting one more document, but admitted that she had not communicated with the attorney in two weeks. *Id.* The undersigned ordered Petitioner to have her attorney submit a Motion to Substitute Counsel by November 20, 2017. *Id.*

On November 22, 2017, Petitioner emailed Chambers, writing that the attorney wanted to take her case. *See* Informal Comm., dated Nov. 27, 2017. Petitioner wrote that the attorney was new to the Vaccine Program and asked whether the Court could pay experts directly. *Id.* Chambers answered that the Court does not preemptively pay experts and emailed Petitioner a copy of the Vaccine Rules regarding legal representation. *Id.* Because Petitioner wrote that the attorney would take her case, the undersigned ordered Petitioner to have her attorney file a Motion to Substitute Counsel by December 28, 2017. ECF No. 18. Petitioner failed to meet this deadline.

On January 11, 2018, Chambers telephoned and emailed Petitioner regarding her lapsed deadline. *See* Informal Comm., dated Jan. 11, 2018. Petitioner responded via email by reiterating that her attorney is new to the Program and repeating her question whether the Court could compensate prospective experts directly. *Id.* The undersigned scheduled a status conference for January 30, 2018 to discuss these questions. ECF No. 19.

On January 30, 2018, Chambers could not contact Petitioner, despite repeated attempts by telephone and email. ECF No. 21. By this date, Petitioner had been given multiple extensions of time to obtain an attorney. Furthermore, she represented on several occasions that there was an attorney preparing to take her case, but had not filed a Motion to Substitute Counsel. The undersigned therefore recognized Petitioner's *pro se* status and ordered her to file an expert report by March 1, 2018. *Id.* The undersigned also canceled the status conference scheduled for January 30, 2018. *Id.* The undersigned included that a failure to meet this deadline would result in an Order to Show Cause. *Id.*

Petitioner failed to submit any filing by her March 1, 2018 deadline. *See* Docket Rep. On March 9, 2018, Chambers emailed Petitioner regarding her deadline. *See* Informal Comm., dated Mar. 9, 3028. On March 12, 2018 Chambers telephoned Petitioner, but was unable to speak to Petitioner or leave a voicemail. *See* Informal Comm., dated Mar. 12, 2018.

On March 13, 2018, the undersigned issued an Order to Show Cause why Petitioner's case should not be dismissed for failure to prosecute. ECF No. 22. The undersigned ordered Petitioner to submit an expert report by April 12, 2018 and stated that failure to abide by this deadline would result in dismissal. *Id.* To date, the undersigned has not received any further filings or communications from Petitioner.

## II.   ANALYSIS

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(b); *see also Claude E. Atkins Enters., Inc. v. United States*, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests). Petitioner's failure to meet the deadline for her expert report and comply with the undersigned's Order to Show Cause indicate a disinterest in pursuing her claim. The undersigned will therefore dismiss this case for failure to prosecute.

Additionally, to receive compensation under the Act, Petitioner must prove either (1) that R.E. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of his vaccinations, or (2) that R.E. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not provide any evidence that R.E. suffered a "Table Injury." Furthermore, the undersigned finds that Petitioner's filings, without an expert report or any additional evidence, do not contain preponderant evidence demonstrating that R.E.'s death was caused by a vaccine.

Thus, this case is dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

*Herbrina D. Sanders*
Special Master